**Mary L. FURR, Appellant,**

v.

**R.H. FURR, Jr., Appellee.**

**No. 07–86–0275–CV.**

Court of Appeals of Texas, Amarillo.

Dec. 2, 1986.

Mary L. Furr, pro se.

Jack McClendon, Lubbock, for appellee.

Before REYNOLDS, C.J., and COUNTISS and BOYD, JJ.

PER CURIAM.

In this proceeding, appellant Mary L. Furr seeks an extension of time for late filing of an affidavit in lieu of cost bond or security for costs on appeal. On July 30, 1986, the trial court entered the judgment from which appellant seeks appeal. She filed a motion for new trial on August 29, 1986, which was overruled by operation of law on October 28, 1986. On October 24, 1986, an affidavit of inability to furnish cost bond or security was filed in the trial court, upon which that court set a hearing for November 3, 1986. However, appellant failed to give the notice to the opposing party within two days after the filing of the affidavit required by Tex.R.App.Proc. 40(a)(3)(B).* Appellee contested the proceeding upon that basis. At the hearing, the trial court sustained the contest and denied acceptance of the affidavit in lieu of deposit of cost bond or security. On November 4, 1986, appellant filed a second affidavit of inability to furnish cost bond or security together with a certificate of service upon the opposing party. The trial court refused this affidavit as having been untimely filed. Appellant now, in this Court, seeks an extension of time to allow the late filing of the affidavit. We must overrule that motion.

Rule 40(a)(3)(A) permits an appellant unable to pay the cost of appeal or give security therefor, to file, within the time period prescribed by Rule 41, an affidavit stating that fact. However, as noted above, Rule 40(a)(3)(B) requires that notice be given the adverse party within two days after the filing. If an appellant fails to do so, the rule continues, "he shall not be entitled to prosecute the appeal without paying the costs or giving security therefor." These procedures and provisions are the same as those formerly provided for in Tex.R.Civ.P. 355(a) and (b) (Vernon 1985). Under that rule, it was held that the giving of the two-day notice was mandatory and the failure to do so required refusal of the affidavit. *Bantuelle v. Renfroe*, 620 S.W.2d 635, 640 (Tex.Civ.App.—Dallas 1981, no writ) (opinion on motion to dis-

---

* All subsequent references to rule numbers are to those rules of the Texas Rules of Appellate Procedure.

miss). Since the language in the present rule is identical, the situation here is analogous to that in *Bantuelle,* and we agree with the holding of that Court. The trial court, therefore, acted correctly in refusing to accept the appellant's tendered affidavit.

 Rule 41(a)(2) allows the filing of a motion for extension of time for late filing of an affidavit in lieu of cost bond or security in an appellate court if filed not later than fifteen days after the last day allowed for filing such an affidavit. This motion for extension of time was filed in this Court on November 10, 1986, and was, therefore, timely filed. However, the rule requires that such a motion must be one "reasonably explaining the need for such extension." Appellant's explanation of the need for the extension is that she was proceeding pro se and was "not totally familiar with the rules regarding this notice." She also avers that she had employed an attorney to prepare the affidavit and the attorney was also unaware of the notice requirement.

The requirements of Rule 41(a)(2) are the same as those contained in former Tex.R. Civ.P. 356(b) (Vernon 1985). The "reasonable explanation" required under Rule 356(b) and, therefore, under Rule 41(a)(2) is any plausible statement of circumstances indicating that the failure to file within the required period was not deliberate or intentional, but was the result of inadvertence, mistake, or mischance. *Lopez v. Foremost Paving, Inc.,* 671 S.W.2d 614, 619 (Tex. App.—San Antonio 1984, no writ).

We believe that an obvious failure to read the applicable, easily available rules setting out the requisite steps necessary to perfect an appeal shows a lack of proper diligence and falls short of establishing the reasonable explanation required by Rule 41(a)(2). Our conclusion in this regard is strengthened by the holding of the Court in *Banales v. Jackson,* 610 S.W.2d 732 (Tex. 1980). In that case, the Court was presented with a situation in which Banales had failed to timely file a motion for rehearing in the Court of Civil Appeals. Such a motion was then necessary for the Supreme Court to have jurisdiction to review, by writ of error, an asserted error of the Court of Civil Appeals in his case. Banales had filed in the lower court, a motion under then Tex.R.Civ.P. 21c (Vernon Supp.1986) for extension of time for filing the motion for rehearing. Rule 21c contained a requirement for a "reasonable explanation" well nigh identical to that contained in Rule 41(a)(2). Banales' only explanation for not timely filing the motion for rehearing was that he did not know such a motion was necessary. The Court of Civil Appeals held that that was not a reasonable explanation within the purview of the rule and denied the motion for extension of time. The Supreme Court upheld that action. *Id.* at 734.

We think the question presented in *Banales* is analogous to the question presented here and the courts' ruling are here applicable. We must, therefore, overrule appellant's motion for extension of time.

Since it appears from this record that the jurisdictional requirements for perfection of appellant's appeal have not been met, this appeal will be dismissed unless appellant, within ten days, files a response showing grounds for continuing the appeal. Tex.R.App.Proc. 60(a)(2).