PLUMMER V REEVES

NO. 07-04-0534-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JUNE 20, 2005

______________________________

ADVANCED INDUSTRIES, INC.,

Appellant

v.

CACTUS OPERATING LTD. d/b/a CACTUS FEEDERS,

 and AMISTAD AVIATION, INC.,

Appellees

_________________________________

FROM THE 69th DISTRICT COURT OF MOORE COUNTY;

NO. 04-14; HON. RON ENNS, PRESIDING

_______________________________

ON MOTION TO DISMISS

_______________________________

Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

Advanced Industries, Inc., appellant, and Cactus Operating Ltd. d/b/a Cactus Feeders, and Amistad Aviation, Inc., appellees, by and through their attorneys, have filed a motion to dismiss this appeal with prejudice because the parties have fully compromised and settled all issues in dispute and neither desire to pursue the appeal.  Without passing on the merits of the case, we grant the motion to dismiss pursuant to Texas Rule of Appellate Procedure 42.1(a)(2) and dismiss the appeal.  Having dismissed the appeal at the parties’ request, no motion for rehearing will be entertained, and our mandate will issue forthwith.  

Brian Quinn

          Chief Justice

enant) to evict her from the leasehold.  The proceeding was initiated in the justice of the peace court.  The latter entered a default judgment but later vacated that decree at the behest of Harrell.  This left the forcible entry and detainer action pending in the justice court.  Nevertheless, Fuller appealed to the county court at law.  The latter dismissed the appeal because it was interlocutory.  Thereafter, Fuller appealed to this court.  Here, he does not attack the decision of the county court at law to dismiss the cause for want of jurisdiction.  Instead, he contends that the justice court erred in refusing to conduct a final hearing on the pending action and requests that we order that court to hear it.  

Given the absence of any issue regarding the decision of the county court at law, Fuller waived any complaint he may have had about it.  
See
 
Tex. R. App. P
. 38.1(h) (requiring an appellant's brief to contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record); 
Knie v. Piskun
, 23 S.W.3d 455, 460 (Tex. App.–Amarillo 2000, pet. denied) (holding that appellate issues are waived when an appellant's brief contains no citation to authority in reference to or substantive discussion about them).

As to resolution of the underlying forcible entry and detainer action, our appellate jurisdiction encompasses only those proceedings wherein the trial court has executed a final judgment or order.
(footnote: 1)  
Lehmann v. Har-Con Corp
., 39 S.W.3d 191, 195 (Tex. 2001).  Because the justice court has yet to enter any final order or judgment in the underlying detainer suit (which was noted by the county court at law), we have no appellate jurisdiction over any complaint arising from it.
(footnote: 2)    

Accordingly, the appeal is dismissed for want of jurisdiction.

Brian Quinn

          Chief Justice                                                                                                                   

FOOTNOTES
1:
2: