NO. 07-05-0322-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

MAY 17, 2006

_____

SHAWN FULLER,

Appellant

v.

DELINDA HARRELL,

Appellee

_____

FROM THE COUNTY COURT AT LAW NO. 3 OF LUBBOCK COUNTY;

NO. 2004-595,291; HON. PAULA DAVIS LANEHART, PRESIDING

_____

*Memorandum Opinion*

_____

Before QUINN, C.J., and REAVIS and HANCOCK, JJ.

Shawn Fuller (Fuller) appeals from an order entered by the county court at law dismissing his appeal from a justice court. His sole issue involves the justice court's purported refusal to hear his petition for forcible entry and detainer. We dismiss the cause for want of jurisdiction.

Fuller sued Delinda Harrell (his tenant) to evict her from the leasehold. The proceeding was initiated in the justice of the peace court. The latter entered a default judgment but later vacated that decree at the behest of Harrell. This left the forcible entry and detainer action pending in the justice court. Nevertheless, Fuller appealed to the county court at law. The latter dismissed the appeal because it was interlocutory.

Thereafter, Fuller appealed to this court. Here, he does not attack the decision of the county court at law to dismiss the cause for want of jurisdiction. Instead, he contends that the justice court erred in refusing to conduct a final hearing on the pending action and requests that we order that court to hear it.

Given the absence of any issue regarding the decision of the county court at law, Fuller waived any complaint he may have had about it. *See* TEX. R. APP. P. 38.1(h) (requiring an appellant's brief to contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record); *Knie v. Piskun*, 23 S.W.3d 455, 460 (Tex. App.–Amarillo 2000, pet. denied) (holding that appellate issues are waived when an appellant's brief contains no citation to authority in reference to or substantive discussion about them).

As to resolution of the underlying forcible entry and detainer action, our appellate jurisdiction encompasses only those proceedings wherein the trial court has executed a final judgment or order.[1] *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). Because the justice court has yet to enter any final order or judgment in the underlying detainer suit (which was noted by the county court at law), we have no appellate jurisdiction over any complaint arising from it.[2]

Accordingly, the appeal is dismissed for want of jurisdiction.

Brian Quinn
Chief Justice

---

[1]We acknowledge that statute grants us authority to entertain certain interlocutory orders. *See* TEX. CIV. PRAC. & REM. CODE ANN. §51.014(a)(1)-(10)(Vernon Supp. 2005). None of those orders are involved here, however.

[2]This, of course, assumes *arguendo* that we even have jurisdiction over the decisions of a justice court.