Reversed and Remanded and Memorandum Opinion filed October 7, 2008








Reversed and Remanded and Memorandum Opinion filed
October 7, 2008.

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-07-00342-CV

_______________

 

APPROXIMATELY $30,400.00, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                               


On Appeal from the 333rd District Court

Harris County, Texas

Trial Court Cause No. 2006-28799

                                                                                                                                                

 

M E M O R A N D U M    O P I N I O N

In this forfeiture case, appellant
Corey Wayne Rogers challenges the trial court=s order striking his pleadings as a
discovery sanction and rendering a final judgment against him.  Because we
conclude the trial court abused its discretion by imposing a case-determinative
sanction and failing to direct the sanction at the offending party or consider
lesser sanctions, we reverse and remand.

 








I.  Factual
and Procedural Background

On May 10, 2006, the State filed a
notice of seizure and intended forfeiture of approximately $30,400.  The State
alleged that during a traffic stop for speeding, appellant Corey Wayne Rogers
consented to the search of the vehicle he was driving.  Law enforcement
personnel discovered a backpack containing approximately $30,400 bundled in
increments of $1,000.  After a canine unit alerted officers to the scent of
narcotics on the backpack, the Texas Department of Public Safety seized the
money as contraband.

Rogers filed an answer, and on July
18, 2006, the trial court signed a docket control order setting the case for
trial on January 16, 2007.  Rogers responded to interrogatories and requests
for admission on October 11, 2006, and in December 2006,[1]
the trial court issued an order compelling more complete responses to
discovery.  According to the terms of the order, the discovery responses were
to be delivered to the State=s attorney, assistant district attorney Cary H. Hart, by 1:00
p.m. on January 3, 2007, a date which was thirteen days before the trial
setting.  When Hart failed to receive the additional discovery by the deadline
specified in the order, the State filed a motion for sanctions and set the
motion for hearing on the date of trial.








At the hearing on January 16, 2007,
Rogers=s trial attorney Uche Mgbaraho
represented to the trial court that he had been out of the country when the
State=s attorney had served its motion to
compel in December, and he did not return until December 25, 2006,
approximately one week after the trial court had signed the order compelling
discovery.  Mgbaraho further stated that he spoke with the State=s counsel, assistant district
attorney Cary Hart, on or about January 5, 2007, and told her that the
discovery responses had been prepared.  Moreover, Mgbaraho represented that he 
personally delivered the discovery responses to the district attorney=s office on January 10, 2007Ca date that was after the deadline
specified in the December discovery order, but before the date set for trial. 
The State=s attorney did not dispute that Mgbaraho  had delivered the discovery
responses to the district attorney=s office as he represented to the
trial court; rather, she asserted that she had not yet personally received the
material.  The trial court expressly accepted each attorney=s representations as true and
identified Rogers=s one-week delay in filing the responses as the sanctionable
conduct at issue.  The court further noted that although the case was set for
trial that day, the State=s attorney did not have complete discovery responses. 
Mgbaraho asked the court to examine the discovery that had been produced and
delay the start of trial if necessary to resolve the discovery issue; however,
the trial court struck Rogers=s pleadings as a sanction for failure to timely comply with a
discovery order and rendered final judgment against him. 

Rogers subsequently retained a
different attorney and moved for a new trial.  At the hearing on the motion,
the State=s attorney noted that on January 17, 2007Cthe day after judgment was renderedCshe personally received the
additional discovery responses.  Nevertheless, the trial court denied Rogers=s motion for new trial, and this
appeal ensued.

II.  Issues
Presented

Rogers asserts in his first issue
that the trial court erred in striking his answer as a sanction.  In his second
issue, he argues that he was denied the right to make an appearance and that
the State offered no evidence during the forfeiture proceeding.

III. 
Standard of Review








We review a trial court=s ruling on a motion for sanctions
for abuse of discretion.  Bodnow Corp. v. City of Hondo, 721 S.W.2d 839,
840 (Tex. 1986) (per curiam).  The test is not whether, in our opinion, the
facts presented an appropriate case for the trial court=s action, but whether the trial court
acted without reference to any guiding principles, or equivalently, whether
under all the circumstances of the particular case the trial court=s action was arbitrary or
unreasonable.  Koslow=s v. Mackie, 796 S.W.2d 700, 704 (Tex. 1990). 
The circumstances of the case include the reasons offered and proved by the
offending party or established as a matter of law on the record.  Id. 
We therefore examine the entire record to determine whether the sanction was
improperly imposed.  Am. Flood Research, Inc. v. Jones, 192 S.W.3d 581,
583 (Tex. 2006) (per curiam).  

IV. 
Analysis

A.        Governing
Law

Texas Rule of Civil Procedure 215.2
lists the sanctions a trial court may impose on a party for failure to comply
with a discovery order.  See Tex.
R. Civ. P. 215.2.  Under this rule, discovery sanctions must be just.  See
id.  For a sanction to be just, it (1) must bear a direct relationship
to the offensive conduct, and (2) must not be excessive.  TransAmerican
Natural Gas Corp. v. Powell, 811 S.W.2d 913, 917 (Tex. 1991).  

Regarding the first factor, a
sanction that relates directly to the offensive conduct is one that is Adirected against the abuse and toward
remedying the prejudice caused to the innocent
party . . . .@  Spohn Hosp. v. Mayer, 104
S.W.3d 878, 882 (Tex. 2003) (per curiam).  Thus, the sanction imposed by the
trial court Ashould be visited upon the offender.@  Id. (citing TransAmerican,
811 S.W.2d at 917).  The trial court therefore Amust attempt to determine whether the
offensive conduct is attributable to counsel only, to the party only, or to
both.@  Id.  








In addition, to be just, the
discovery sanction must not be excessive.  See Cire v. Cummings, 134
S.W.3d 835, 839 (Tex. 2004).  Case-determinative or Adeath penalty@ sanctions are harsh and cannot be
assessed unless a party=s hindrance of the discovery process justifies a presumption
that its claims or defenses lack merit.  See id. at 839, 842. 
Nonetheless, if a party refuses to produce material evidence, despite the
imposition of lesser sanctions, the court may presume that an asserted claim or
defense lacks merit and dispose of it.  Id. at 839.  Case-determinative
sanctions should not be assessed absent a party=s flagrant bad faith or counsel=s callous disregard for the
responsibilities of discovery under the rules.  Id.  For such a sanction
not to be excessive, the record must reflect that the trial court considered the
availability of appropriate lesser sanctions, and, in all but the most
egregious and exceptional cases, the trial court must first assess lesser
sanctions before resorting to case-determinative sanctions.  Id. at
842.  A trial court must analyze the available sanctions and offer a reasoned
explanation as to the appropriateness of the sanction imposed.  Id.  In
our review of the sanctions order, we must similarly Aensure not only that sanctions are
visited upon the true offender, but that less severe sanctions would not
promote compliance.@  Am. Flood Research, 192 S.W.3d at 585 (citing TransAmerican,
811 S.W.2d at 917).      

B.        No
Record of Consideration of Lesser Sanctions

The parties agree that the trial
court ruled on two motions to compel discovery responses.  As the State
acknowledges in its brief, however, A[i]t does not appear that a copy of
[the State=s first motion to compel] was filed with the district clerk.@[2]  Nevertheless, the record before us
is sufficient to demonstrate that the trial court abused its discretion in
striking Rogers=s pleadings.  Specifically, the content of the first order
compelling discovery, the sanctions order, the order granting final judgment nihil
dicit, the transcript of the January 16, 2007 hearing on the State=s motion for discovery sanctions, and
the transcript of the March 19, 2007 hearing on Rogers=s motion for new trial establish that
the trial court abused its discretion by failing to direct the sanction at the
offending party, failing to consider lesser sanctions, and by granting
case-determinative sanctions without first assessing lesser sanctions. 

1.         Determination of the Offending Party

At the January 16, 2007 hearing on
the State=s motion to compel and to strike Rogers=s pleadings, Rogers=s trial attorney explained his
failure to timely comply with the trial court=s December discovery order as
follows:

Your Honor, let me go back to the first motion.








There was a death in my family.  My uncle came here
for [an] operation and died.  They had to take the body home.  So at the time
of the hearing, I was in Nigeria.  I came back on December 25th.  December
25th, I was not able to get in contact with my client.  On the 5th, I believe
on the 5th [of January], I spoke with Counsel [for the State].  I told her that
I had just come back from out of the country.  We have prepared the answer, the
one she requested, on the motion to compel.  We have filed discovery, she=s just requested signing and that I thought was a
duplicate of what I sent to her.  So I told her on the 5th that we=re getting them ready and they would be filed.

And on the
10th, I personally took it to the window in a brown envelope.  She just telling
me this [sic] that she didn=t receive it.  But I have sent it to her.

Although an attorney=s statements normally must be under
oath to be considered evidence, the opponent of the testimony can waive the
oath requirement by failing to object when the opponent knows or should know
that an objection is necessary.  Banda v. Garcia, 955 S.W.2d 270, 272
(Tex. 1997) (per curiam).  Here, the evidentiary nature of Mgbaraho=s statements was apparent.  See
Knie v. Piskun, 23 S.W.3d 455, 463 (Tex. App.CAmarillo 2000, pet. denied).  The
trial court=s response further demonstrates that it treated Mgbaraho=s statements as testimonial: ANow all I have is a swearing match,
the he said/she said thing.  I don=t doubt you.  I don=t doubt
her. . . . I=ve got to rely on what you tell me,
which I do, and I believe you.@  

Although Mgbaraho  accepted
responsibility for failing to timely supplement Rogers=s discovery responses, the trial
court nevertheless remarked that Aday in/day out; week end [sic] /week
out; month in/month out, clients mistreat their attorneys, such as you, sir, by
failing to provide the evidence that the property is legitimately obtained and
is not contraband.@  Despite Mgbaraho=s representations that Rogers
previously had produced receipts  demonstrating his right to the seized funds
and his suggestion that the trial court review the discovery that had been
produced, the trial court refused to do so, stating, AI don=t know what=s in the file on the discovery
because that=s all extra[judicial].  That=s all outside the courtroom.@  








In sum, the trial court did not
attempt to determine whether violation of the order compelling discovery was
attributable to Rogers before it imposed case-determinative sanctions that
prevented him from presenting any defense to the State=s claim.  On this record, we conclude
the sanction imposed on Rogers contravenes the principle that Aa party should not be punished for
counsel=s conduct in which it is not
implicated apart from having entrusted to counsel its legal representation.@  See TransAmerican, 811
S.W.2d at 917.  This conclusion is further supported by the trial court=s statements in denying Rogers=s motion for new trial.  The trial
court remarked, A[Y]ou have free choice as a citizen to select the attorney
that you want to.  And it doesn=t ring entirely true to the Court for a client to feel that
their $30,000 was forfeited because they had a lawyer that didn=t do his job which may be the case, but
that=s the lawyer he chose.@ (emphasis added). 

2.         Lesser
Sanctions

In reviewing the sanctions imposed,
we Amust ensure not only that sanctions
are visited upon the true offender, but that less severe sanctions would not
promote compliance.@  Am. Flood Research, 192 S.W.3d at 585 (citing TransAmerican,
811 S.W.2d at 917).  The trial court=s sanctions order does not contain
any findings of fact or statement of the reason for the sanctions; however, the
transcript of the sanctions hearing reflects the trial court=s reasoning regarding sanctions: 

Trial Court:    [T]he fact remains, we=re here on trial date without the discovery having
been responded to such [that] it=s
in [the State=s] possession.  And I don=t have a motion for continuance.  And I=m out-of-pocket on what it is you [would] have me do,
sir. 

. . .

Trial Court:    What is it that you think, under the
Rules of Civil Procedure, I should be able to do sir?

Mgbaraho:      Well, Your Honor, to [sic] what she=s asking is too severe.  I=m prepared today, the continuance part, to take a look
- - 

Trial Court:    I have no motion for continuance.  It
has to be filed 10 days before the hearing.

Mgbaraho:      I=m
not asking for it, but I=m amenable to it, Your Honor.  I=m not asking for a motion - - 

Trial Court:    [The State=s attorney] doesn=t
want a continuance.  She wants me, as a sanction, to strike your client=s answer because there=s not been into her possession a response that I first ordered
compelling discovery.  And why shouldn=t I
do that?








Mgbaraho:      I say, again, under the rule it=s too severe a penalty for failure to respond timely
to a motion to compel that the discovery is already in the file.  Your Honor,
what she was asking - - 

Trial Court:    That=s your position.  That=s not her
position.  She doesn=t think that the discovery is in the file so - - and
she=s the one seeking sanctions by the Court for failure
to provide that discovery.

Now, I don=t
know what=s in the file on the discovery because that=s all extra druidical [sic].  That=s all outside of the courtroom.  So I=m here at trial time.  It is now six minutes past noon
on trial date.  The [State=s] position is
that the discovery was not timely responded to.  There is no motion for
continuance.  I=m asked to strike the answer and proceed to trial
nihil dicit, and I=m trying to figure out why I shouldn=t do that.  Give me a reason.

. . .

Mgbaraho:      What I=m saying, Your Honor, [is] that the Court can sua sponte grant a
continuance, a week or two weeks=
continuance.  I=m saying that it=s
too severe. . . .

. . .

Mgbaraho:      [A]ll the receipts indicating that my
client had the right of possession to the money that was seized are in the
file, and I can show them to her.  They are in the file.  So I=m saying again it=s
too severe for the Court to grant a different judgment just because discovery
was not filed timely. 

Second discovery [motion].  Okay, it wasn=t that discovery was not filed at all.  The second
discovery was not filed timely.

Again, I=m
saying that the Court can use judicial discretion and grant a sua sponte notice
of - - a motion to continue for another week or two for us to resolve this
issue.  

. . .








Trial Court:    What we=re here on is in a civil proceeding, Chapter 59, procedure - - Chapter
59 of the Code of Criminal Procedure is a civil proceeding and as a civil
proceeding, the parties are entitled to pretrial discovery.  And the Court
granted the first motion to compel discovery by signing an order on a very
short fuse to have discovery provided.  The [State] now asserts that the
discovery was not timely supplemented.  And it=s been admitted on the record that because of family situations, and my
heart goes out to you on that, but I can=t
rule based on sympathy.  In fact, if you recall, that=s what it says in the instruction to a jury in a jury
trial: ADo not let bias, prejudice or sympathy pay any part in
your deliberations.@  So I may have sympathy for your situation with your
uncle, but that is not, in fact, what I=ve
got to rule [on].

I=m faced here
with, admittedly, the discovery, if responded to, is eight days late.  That
meant that your client did not obey the Court=s order.  And it=s appropriate for the Court to grant sanctions against
your client for failing to obey an order of the Court.  And the sanction
typically for failure to comply with the second or to comply with the first order
compelling discovery on the second motion to compel discovery is to strike the
Respondent=s pleadings.

Now I know you feel that=s an extreme sanction, that the punishment doesn=t fit the crime, but today is trial date.  And I am
compelled to go forward to trial or with trial today.  I=m going forward to trial, and the [State has] now had
adequate response to the pretrial discovery [sic] then I am prejudicing the
[State=s] presentation in the case.  Now how can I properly
do that?  How can I balance the equities here when the Respondent had two
opportunities to comply with pretrial discovery and admittedly was tardy on - -
or didn=t comply the first time completely, and was tardy in
an attempt to comply the second time?  What am I to do?

Mgbaraho:      Your Honor, two things here.

The rule makes provisions for all the sanctions that
the Court could apply.  The dismissal of the case or grant a default judgment
is the most severe[], and the rule frowns on that.  It is an option that the
Court has.  But under the circumstances looked upon including looking at the
merits of the case also.  The pleadings is all the hun (sic) of the Court.  The
Court can look at those before granting such.  All we ask the Court is to look
at the record.  It is too severe to grant such a sanction if, if, and I know
the Court is not required to rule, you know, with any kind of sentiment or
emotion because of family problems, but they have considerations nonetheless to
show whether or not it was like a death (sic) on the part of the attorney to
respond to court orders.  Those are the things that the Court has to look
into.  Now we spoke and I told her that [the discovery responses are] ready. 
She said she would go ahead and file - - 








. . .

Mgbaraho:      Due process requires at least many
considerations be made, and this is one of them.  Why is this - - why is it
late?  It is late, okay.  What is the prejudice to the State?  Can 8 days - -
the Court is going to grant a continuance, we know that.  Can 8 days, 10 days,
would that be too prejudicial for the State? . . . So, Your Honor, I=m asking again that the Court sua sponte give us a
continuance on this particular case for me to work with the prosecutor. 
Whatever she says.  She hasn=t gotten - - we
can go to the office.  I can guarantee it is there, and give us a couple of
days, weeks.  We=ll come back here and go to
trial. . . .

. . .

Mgbaraho:      Your Honor, but before the Court will
grant such a severe sanction, the Court should look at the time of the
circumstance and that will include - -

Trial Court:    What I=m looking at is pretrial discovery and failure of your client to
provide the pretrial discovery to the [State] who has a right under the Rules
of Civil Procedure to receive that pretrial discovery. . . .

. . .

State:              To this date, and I=m not saying he didn=t deliver them to my office, I have not received any additional
responses.[[3]]  So for
those reasons, we would ask that his answer be stricken and a judgment be had
for Plaintiff.

Trial Court:    Why
shouldn=t I do that?  I mean, I see no reason
why I shouldn=t do that.  I don=t want to do it, but the time for negotiations between the
parties is long since over, and we=re now down here for trial date.  I=m going to sustain the motion or
rather grant the motion of the Plaintiff.  As a sanction, I will strike the
Respondent=s pleadings.  I=m going to proceed to trial nihil dicit.








(emphasis added). The record
demonstrates that the trial court abused its discretion by impliedly
determining that the offensive conduct in this case was so egregious and
exceptional that the trial court could strike Rogers=s answer without first assessing
lesser discovery sanctions.  Cf. Cire, 134 S.W.3d at 842.  The facts of
this case are not close to being so egregious and exceptional.  Cf. id.
at 841B43 (concluding that party=s conduct was egregious and
exceptional because the party failed to produce and destroyed critical evidence
in the case after being ordered to produce the evidence three times).  In
addition, the record reflects that the trial court considered
case-determinative sanctions as the typical sanction for failure to comply with
an order compelling discovery.  The record shows that the trial court did not
consider and analyze the availability of appropriate lesser discovery sanctions. 
Therefore, the trial court abused its discretion by assessing
case-determinative sanctions.  Cf. id. at 842.  

In sum, there is no discernible
attempt by the trial court to determine whether the failure to timely respond
to discovery was attributable to Rogers, no analysis of available sanctions, no
reasoned explanation of the appropriateness of the sanction imposed, and no
justification for the presumption that Rogers=s defenses to forfeiture lack merit. 
We therefore sustain Rogers=s first issue and reverse and remand without reaching his
second issue.

IV. 
Conclusion

Having concluded that the trial court
abused its discretion by striking Rogers=s pleadings, we reverse the judgment
and remand the case for further proceedings consistent with this opinion.                                                                       

 

 

 

/s/        Eva M. Guzman

Justice

 

 

Judgment rendered and Opinion filed
October 7, 2008.

Panel consists of Justices Frost,
Seymore, and Guzman.                                                                                                                                









[1]  The undated order was filed on December 19, 2006.





[2]    State=s
Appellate Br., at 2 n.2. 





[3]  At the hearing on Rogers=s motion for new trial, counsel for the State
represented that she received the discovery responses the day after final
judgment was rendered.