In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-10-00070-CV

                                                ______________________________

 

 

                                CHRISTOPHER K. TURNER,
Appellant

 

                                                                V.

 

                         TDCJ-ID, MICHAEL UNIT, AD. SEG., Appellee

 

 

                                                                                                  


 

 

                                        On Appeal from the 87th Judicial District Court

                                                          Anderson
County, Texas

                                                          Trial Court
No. 87-11013

 

                                                  
                                                

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                              Memorandum Opinion by Justice Carter








                                                     MEMORANDUM 
OPINION

 

            This
is an appeal by Christopher K. Turner from the trial court’s order dismissing
his cause of action against defendant the Texarkana Department of Criminal
Justice–Institutional Division (TDCJ), Mark W. Michael Unit, pursuant to
Chapter 14 of the Texas Civil Practice and Remedies Code.[1]

            The
order entered in this appeal, however, does not dispose of defendants Julian
Godwin, a security guard at the Michael Unit, and the State of Texas.  These additional defendants were named in
Turner’s amended original petition filed on December 11, 2009.  The record does not indicate Godwin or the
State was served with citation.  The
record also does not show disposition, nonsuit, or severance of the claims
against Godwin or the State.  Turner
mailed his petition only to the Attorney General of the State of Texas.  See Tex. R. Civ. P. 21a.  The Attorney General’s
Office responded with an answer on behalf of its client, TDCJ, but not on
behalf of either of the other named defendants. 


            We
are obligated to determine, sua sponte, issues affecting our jurisdiction over
an appeal,  New York Underwriters Ins. Co. v. Sanchez, 799 S.W.2d 677, 678
(Tex. 1990) (per curiam).  Unless an
exception applies, a final judgment disposing of all of the parties and issues
before the trial court is a prerequisite to an appeal.  N. E.
Indep. Sch. Dist. v. Aldridge, 400 S.W.2d 893, 895 (Tex. 1966).  Because the record before us makes no
disposition of Turner’s claims against the State of Texas or the security
guard, we must determine if that omission renders the trial court’s order of
dismissal interlocutory.  See Knie v. Piskun, 23 S.W.3d 455, 459
(Tex. App.—Amarillo 2000, pet. denied).  

            We
recognize that a trial court obtains personal jurisdiction over a defendant
when two elements are satisfied:  (1) the
defendant must be amenable to the jurisdiction of the court and (2) the
plaintiff must validly invoke that jurisdiction by valid service of process on
the defendant. Kawasaki Steel Corp. v.
Middleton, 699 S.W.2d 199, 200 (Tex. 1985); Berry v. City of Fort Worth, 132 Tex. 599, 124 S.W.2d 842, 846
(1939); Velasco v. Ayala, 312 S.W.3d
783, 798 (Tex. App.—Houston [1st Dist.] 2009, no pet.); White v. Robinson, 260 S.W.3d 463, 474 (Tex. App.—Houston [14th
Dist.] 2008, no pet.).  

            One
question is whether either of the remaining two named defendants were
adequately before the court.  In his
original petition, Turner specified an address for the TDCJ Regional Director’s
Office for the defendant TDCJ.  The
Attorney General’s Office filed an answer and later sought dismissal on behalf
of the TDCJ.  One month later, Turner
filed a motion asking to amend his pleadings to add the State of Texas and
Godwin as defendants.  Attached to that
motion is his amended pleading, which separately sets out the newly added named
defendants and provides an address for each. 

            The
initial petition was transmitted to the Attorney General’s Office, which then
filed an answer.  It is not apparent that
formal service was made on the State through the Attorney General as to the
added defendant, the State of Texas, or to the individual defendant.[2]  However, the record shows that Turner did
attempt to make it clear that new defendants were being added by his amended
petition, not merely by their inclusion in a new petition, but by also filing a
motion seeking to add the defendants. 

            Turner’s
motion seeking to bring additional defendants before the trial court did not
specifically request that additional service be made upon the new defendants,
but it used the same language and provided the same information as set out in
his initial petition—along with the addresses at which to make service.  In other words, Turner again utilized the
language that had successfully obtained service on the State as to his initial
petition, and specifically asked by motion to add new defendants and provided
addresses for each.[3]  

            The
narrowly-drafted judgment provides relief specifically and solely for TDCJ.[4]  

            The
general rule is that a final and appealable judgment must determine the entire
controversy, disposing of all the parties and issues in a case.  Lehman,
39 S.W.3d at 195.  A situation
effectively identical to this one was addressed recently by the Amarillo Court
of Appeals.  That court held that an
order dismissing some, but not all, defendants under Chapter 14 was not a
final judgment, and is not one of those types of judgments for which the Legislature
has authorized interlocutory appeal.  Hickman-Bey v. Tex. Dep’t of Criminal
Justice-CID, No. 07-09-0068-CV, 2009 Tex. App. LEXIS 5627 (Tex.
App.—Amarillo July 22, 2009, no pet.) (mem. op.) (order dismissing all
defendants except two who were not served with citation interlocutory and not
subject to appeal); see Tex. Civ. Prac. & Rem. Code Ann.
§§ 14.001–.013 (Vernon 2002).

            Because
the trial court’s order[5]
only dismissed those causes of action brought by Turner against TDCJ, the
judgment did not dispose of all named defendants.  The order of dismissal is therefore not a
final, appealable order.  This is an
attempt to appeal from a nonappealable interlocutory judgment.  Accordingly, we dismiss Turner’s appeal for
want of jurisdiction. 

 

 

                                                                        Jack
Carter

                                                                        Justice

 

Date Submitted:          September
2, 2010

Date Decided:             September
3, 2010











[1]Originally
appealed to the Twelfth Court of Appeals, this case was transferred to this
Court by the Texas Supreme Court pursuant to its docket equalization
efforts.  See Tex. Gov't Code Ann. § 73.001
(Vernon 2005).  We are unaware of any
conflict between precedent of the Twelfth Court of Appeals and that of this
Court on any relevant issue.  See Tex. R. App. P. 41.3.





[2]The
only relevant information provided in the record is a notation in the docket
stating “Serve defendants.”  The only
other notation made is of the dismissal. 

 





[3]Because
Turner was evidently attempting to add defendants and did provide the
information necessary to seek service—with an explicit request to add those
defendants and bring it to the attention of those who would issue citation, the
cases involving the theory of discontinuance do not apply here.  In Youngstown
Sheet & Tube Co. v. Penn, 363 S.W.2d 230, 232 (Tex. 1962), the trial
court’s order granting summary judgment had disposed of all parties named in
the petition except one.  The remaining
party was never served with citation and did not file an answer, and nothing in
the record indicated that the plaintiff in the case ever expected to obtain
service upon the remaining party.  The court
therefore held, “In these circumstances the case stands as if there had been a
discontinuance as to [the unserved party], and the judgment is to be regarded
as final for the purposes of appeal.”  In
M.O. Dental Lab v. Rape, 139 S.W.3d
671, 674 (Tex. 2004), the Texas Supreme Court reaffirmed the Penn ruling, explaining that in Penn, an examination of the record
revealed no intent that the plaintiff expected to serve the unserved defendant,
and the court correctly regarded the judgment as final—and addressing the Lehmann v. Har-Con Corp., 39 S.W.3d 191
(Tex. 2010), analysis in that context.

 





[4]Rule
161 of the Texas Rules of Civil Procedure provides that where only some
defendants are served, a plaintiff may dismiss unserved parties without
prejudice, obtain new service of process, or obtain a severance.  Tex.
R. Civ. P. 161.  Turner did none
of these things.  

 





[5]This
Court notes that Section 14.003 of the Texas Civil Practice and Remedies Code
states that “a court may dismiss a claim, either before or after service of
process . . . .”  Thus, a trial court
could write a dismissal in a Chapter 14 suit dismissing the claim, rather than
a particular defendant or defendants.  See Tex.
Civ. Prac. & Rem. Code Ann. § 14.003.