

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-10-00070-CV
_____


CHRISTOPHER K. TURNER, Appellant

V.

TDCJ-ID, MICHAEL UNIT, AD. SEG., Appellee


On Appeal from the 87th Judicial District Court
Anderson County, Texas
Trial Court No. 87-11013


Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

This is an appeal by Christopher K. Turner from the trial court's order dismissing his cause of action against defendant the Texarkana Department of Criminal Justice–Institutional Division (TDCJ), Mark W. Michael Unit, pursuant to Chapter 14 of the Texas Civil Practice and Remedies Code.[1]

The order entered in this appeal, however, does not dispose of defendants Julian Godwin, a security guard at the Michael Unit, and the State of Texas. These additional defendants were named in Turner's amended original petition filed on December 11, 2009. The record does not indicate Godwin or the State was served with citation. The record also does not show disposition, nonsuit, or severance of the claims against Godwin or the State. Turner mailed his petition only to the Attorney General of the State of Texas. *See* TEX. R. CIV. P. 21a. The Attorney General's Office responded with an answer on behalf of its client, TDCJ, but not on behalf of either of the other named defendants.

We are obligated to determine, sua sponte, issues affecting our jurisdiction over an appeal, *New York Underwriters Ins. Co. v. Sanchez*, 799 S.W.2d 677, 678 (Tex. 1990) (per curiam). Unless an exception applies, a final judgment disposing of all of the parties and issues before the trial court is a prerequisite to an appeal. *N. E. Indep. Sch. Dist. v. Aldridge*, 400 S.W.2d 893, 895

---

[1]Originally appealed to the Twelfth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (Vernon 2005). We are unaware of any conflict between precedent of the Twelfth Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

(Tex. 1966).  Because the record before us makes no disposition of Turner's claims against the State of Texas or the security guard, we must determine if that omission renders the trial court's order of dismissal interlocutory.  *See Knie v. Piskun*, 23 S.W.3d 455, 459 (Tex. App.—Amarillo 2000, pet. denied).

We recognize that a trial court obtains personal jurisdiction over a defendant when two elements are satisfied:   (1) the defendant must be amenable to the jurisdiction of the court and (2) the plaintiff must validly invoke that jurisdiction by valid service of process on the defendant. *Kawasaki Steel Corp. v. Middleton*, 699 S.W.2d 199, 200 (Tex. 1985); *Berry v. City of Fort Worth*, 132 Tex. 599, 124 S.W.2d 842, 846 (1939); *Velasco v. Ayala*, 312 S.W.3d 783, 798 (Tex. App.—Houston [1st Dist.] 2009, no pet.); *White v. Robinson*, 260 S.W.3d 463, 474 (Tex. App.—Houston [14th Dist.] 2008, no pet.).

One question is whether either of the remaining two named defendants were adequately before the court.  In his original petition, Turner specified an address for the TDCJ Regional Director's Office for the defendant TDCJ.   The Attorney General's Office filed an answer and later sought dismissal on behalf of the TDCJ.   One month later, Turner filed a motion asking to amend his pleadings to add the State of Texas and Godwin as defendants.   Attached to that motion is his amended pleading, which separately sets out the newly added named defendants and provides an address for each.

The initial petition was transmitted to the Attorney General's Office, which then filed an answer. It is not apparent that formal service was made on the State through the Attorney General as to the added defendant, the State of Texas, or to the individual defendant.[2] However, the record shows that Turner did attempt to make it clear that new defendants were being added by his amended petition, not merely by their inclusion in a new petition, but by also filing a motion seeking to add the defendants.

Turner's motion seeking to bring additional defendants before the trial court did not specifically request that additional service be made upon the new defendants, but it used the same language and provided the same information as set out in his initial petition—along with the addresses at which to make service. In other words, Turner again utilized the language that had successfully obtained service on the State as to his initial petition, and specifically asked by motion to add new defendants and provided addresses for each.[3]

---

[2]The only relevant information provided in the record is a notation in the docket stating "Serve defendants." The only other notation made is of the dismissal.

[3]Because Turner was evidently attempting to add defendants and did provide the information necessary to seek service—with an explicit request to add those defendants and bring it to the attention of those who would issue citation, the cases involving the theory of discontinuance do not apply here. In *Youngstown Sheet & Tube Co. v. Penn*, 363 S.W.2d 230, 232 (Tex. 1962), the trial court's order granting summary judgment had disposed of all parties named in the petition except one. The remaining party was never served with citation and did not file an answer, and nothing in the record indicated that the plaintiff in the case ever expected to obtain service upon the remaining party. The court therefore held, "In these circumstances the case stands as if there had been a discontinuance as to [the unserved party], and the judgment is to be regarded as final for the purposes of appeal." In *M.O. Dental Lab v. Rape*, 139 S.W.3d 671, 674 (Tex. 2004), the Texas Supreme Court reaffirmed the *Penn* ruling, explaining that in *Penn*, an examination of the record revealed no intent that the plaintiff expected to serve the unserved defendant, and the court correctly regarded the judgment as final—and addressing the *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191 (Tex. 2010), analysis in that context.

The narrowly-drafted judgment provides relief specifically and solely for TDCJ.[4]

The general rule is that a final and appealable judgment must determine the entire controversy, disposing of all the parties and issues in a case. *Lehman*, 39 S.W.3d at 195. A situation effectively identical to this one was addressed recently by the Amarillo Court of Appeals. That court held that an order dismissing some, but not all, defendants under Chapter 14 was not a final judgment, and is not one of those types of judgments for which the Legislature has authorized interlocutory appeal. *Hickman-Bey v. Tex. Dep't of Criminal Justice-CID*, No. 07-09-0068-CV, 2009 Tex. App. LEXIS 5627 (Tex. App.—Amarillo July 22, 2009, no pet.) (mem. op.) (order dismissing all defendants except two who were not served with citation interlocutory and not subject to appeal); *see* TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.001–013 (Vernon 2002).

Because the trial court's order[5] only dismissed those causes of action brought by Turner against TDCJ, the judgment did not dispose of all named defendants. The order of dismissal is therefore not a final, appealable order. This is an attempt to appeal from a nonappealable interlocutory judgment. Accordingly, we dismiss Turner's appeal for want of jurisdiction.

---

[4]Rule 161 of the Texas Rules of Civil Procedure provides that where only some defendants are served, a plaintiff may dismiss unserved parties without prejudice, obtain new service of process, or obtain a severance. TEX. R. CIV. P. 161. Turner did none of these things.

[5]This Court notes that Section 14.003 of the Texas Civil Practice and Remedies Code states that "a court may dismiss a claim, either before or after service of process . . . ." Thus, a trial court could write a dismissal in a Chapter 14 suit dismissing the claim, rather than a particular defendant or defendants. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.003.

Jack Carter
Justice

Date Submitted:     September 2, 2010
Date Decided:       September 3, 2010