ACCEPTED
15-25-00008-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
5/29/2025 7:18 PM
CHRISTOPHER A. PRINE
CLERK

No. 15-25-00008-CV

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
5/29/2025 7:18:27 PM
CHRISTOPHER A. PRINE
Clerk

In the Fifteenth Court of Appeals, Austin, Texas

LINDA D. TANNER,
*Appellant,*

v.

TEXAS HEALTH AND HUMAN SERVICES COMMISSION, JULIA
MURRAY, WENDY PROCTOR, AND JUAN RODRIGUEZ
*Appellees*.

On Appeal from the 459th Judicial District Court of
Travis County, Texas
Trial Court Cause No. D-1-GN-24-002987

## BRIEF OF APPELLEES TEXAS HEALTH AND HUMAN SERVICES COMMISSION, JULIA MURRAY, WENDY PROCTOR, AND JUAN RODRIGUEZ

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

AUSTIN KINGHORN
Deputy Attorney General for
Civil Litigation

ERNEST C. GARCIA
Chief, Administrative Law Division

GRISELLE ORTIZ ASTACIO
Texas State Bar No. 24103222
LAUREN MCGEE
State Bar No. 24128835
Assistant Attorneys General
OFFICE OF THE ATTORNEY GENERAL OF TEXAS
ADMINISTRATIVE LAW DIVISION
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Telephone: (512) 475-4200
Griselle.OrtizAstacio@oag.texas.gov
Lauren.McGee@oag.texas.gov

ATTORNEYS FOR APPELLEES TEXAS HEALTH
AND HUMAN SERVICES COMMISSION,
JULIA MURRAY, WENDY PROCTOR, AND
JUAN RODRIGUEZ

May 29, 2025
**Oral Argument Not Requested**

# GLOSSARY

| | |
|---|---|
| App. Br. [page] | Appellant's Brief [page no.] |
| CR [ page] | Clerk's Record |
| RR1 [ page]; [line no.] | Reporter's Record vol 1 Transcript |
| RR2 [page] | Reporter's Record vol 2 Administrative Record |
| Defendants or Appellees | Texas Health and Human Services Commission, Juan Rodriguez, Julia Murray, and Wendy Proctor |
| HHSC | Defendant-Appellee Texas Health and Human Services Commission |
| Ms. Tanner | Plaintiff-Appellant Linda D. Tanner |

# TABLE OF CONTENTS

GLOSSARY......................................................................................................II

TABLE OF CONTENTS.................................................................................III

INDEX OF AUTHORITIES.............................................................................V

STATEMENT OF THE CASE........................................................................ IX

STATEMENT REGARDING ORAL ARGUMENT ...............................................X

ISSUES PRESENTED.....................................................................................X

INTRODUCTION .........................................................................................1

STATEMENT OF FACTS ...............................................................................3

    I.      FACTS AND PROCEDURAL BACKGROUND .....................................3

STANDARD OF REVIEW ..............................................................................7

SUMMARY OF THE ARGUMENT ...................................................................7

ARGUMENT ..............................................................................................10

    I.      THE TRIAL COURT PROPERLY DISMISSED THE CASE FOR LACK OF SUBJECT MATTER JURISDICTION BECAUSE MS. TANNER FAILED TO TIMELY FILE HER PETITION FOR JUDICIAL REVIEW. ......................................................................10

    II.     MS. TANNER'S ALLEGED FILING ERRORS DO NOT TOLL THE STATUTORY DEADLINES. .......................................................12

    III.    MS. TANNER'S CONSTITUTIONAL CLAIMS DO NOT CONFER JURISDICTION OR STANDING ABSENT STATUTORY COMPLIANCE...............................................................15

    IV.    MS. TANNER'S CLAIMS ARE BARRED BY SOVEREIGN IMMUNITY.................................................................19

CONCLUSION & PRAYER...........................................................................20

CERTIFICATE OF COMPLIANCE ...................................................................23

CERTIFICATE OF SERVICE ........................................................................23

# INDEX OF AUTHORITIES

**Cases**

*Aguilar v. Texas Dep't of Crim. Just.*,
  160 F.3d 1052 (5th Cir. 1998) ..................................................................... 8

*Allstate Insurance Co. v. King*,
  444 S.W.2d 602 (Tex. 1969) ...................................................................... 14

*Bland Indep. Sch. Dist. v. Blue*,
  34 S.W.3d 547 (Tex. 2000) .......................................................................... 7

*Castillo v. Texas Bd. of Pro. Eng'rs*,
  No. 03-10-00124-CV, 2010 WL 5129127 (Tex. App. Dec. 14, 2010) ............. 11

*CenterPoint Energy Entex v. R.R. Comm'n of Tex.*,
  208 S.W.3d 608 (Tex. App.—Austin 2006, pet. dism'd) .............................. 17

*City of Dall. v. Stewart*,
  361 S.W.3d 562 (Tex. 2012) ......................................................................... 9

*City of Madisonville v. Sims*,
  620 S.W.3d 375 (Tex. 2020) (per curiam) ................................................... 10

*Dyer v. Texas Comm'n on Env't Quality*,
  646 S.W.3d 498 (Tex. 2022) ....................................................................... 17

*Eastland Cnty. Co-op. Dispatch v. Poyner*,
  64 S.W.3d 182 (Tex. App.—Eastland 2001, pet. denied) ............................. 20

*Furr v. Furr*,
  721 S.W.2d 565 (Tex. App.—Amarillo 1986, no writ) ................................. 14

*Gonzalez v. Tex. Med. Bd.*,
  No. 03-22-00205-CV, 2023 WL 7134982 (Tex. App.—Austin Oct. 31,
  2023, pet. filed) (mem. op.) ....................................................................... 10

*Graham v. Connor*,
  490 U.S. 386 (1989) ..................................................................................... 8

*Hammack v. Pub. Util. Comm'n of Tex.*,

131 S.W.3d 713 (Tex. App.—Austin 2004, pet. denied) ..............................17

*In re Sw. Bell Tel. Co.*, L.P.,
226 S.W.3d 400 (Tex. 2007) ................................................................17

*John Gannon, Inc. v. Tex. Dep't of Transp.*,
No. 01-22-00762-CV, 2024 WL 1513875 (Tex. App.—Houston [1st Dist.]
Apr. 9, 2024, pet. denied) (mem. op.) ......................................................9

*Meyers v. JDC/Firethorne, Ltd.*,
548 S.W.3d 477 (Tex. 2018) ...............................................................16

*Nazari v. State*,
561 S.W.3d 495 (Tex. 2018) ...............................................................20

*Nevarez L. Firm, P.C. v. Inv. Land Servs., L.L.C.*,
610 S.W.3d 567 (Tex. App. (El Paso—2020), *opinion after reinstatement
of appeal sub nom. Nevarez L. Firm, PC v. Inv. Land Servs., LLC*, 645
S.W.3d 870 (Tex. App. El Paso—2022, no pet.) ........................................13

*Nguyen v. Kim*,
3 S.W.3d 146 (Tex. App.—Houston [14th Dist.] 1999, no pet.) ....................14

*Pennhurst State Sch. & Hosp. v. Halderman*,
465 U.S. 89 (1984) ...........................................................................8

*Perez v. Physician Assistant Bd.*
No. 03-16-00732-CV, 2017 WL 5078003 (Tex. App. Oct. 31, 2017).............11

*PHI, Inc. v. Tex. Juvenile Justice Dept.*,
593 Sw.3d 296 (Tex. 2019) ...............................................................19

*Prairie View A&M Univ. v. Chatha*,
381 S.W.3d 500 (Tex. 2012) ...............................................................10

*Quern v. Jordan*,
440 U.S. 332 (1979) ...........................................................................8

*Quick v. City of Austin*,
7 S.W.3d 109 (Tex. 1998) .....................................................................7

*Tex. Ass'n of Long Distance Tel. Companies (TEXALTEL) v. Pub. Util.*

*Comm'n of Tex.*,
798 S.W.2d 875 (Tex. App.—Austin 1990, writ denied) ..............................17

*Tex. Comm'n on Env't Quality v. Kelsoe*,
286 S.W.3d 91 (Tex. App.—Austin 2009, pet. denied) ..............................7, 9

*Tex. Dep't of Transp. v. A.P.I. Pipe & Supply, LLC*,
397 S.W.3d 162 (Tex. 2013) ...........................................................................7

*Texas Dep't of Transp. v. Sefzik*,
355 S.W.3d 618 (Tex. 2011) ...........................................................................9

*West Columbia Nat'l Bank v. Griffith*,
902 S.W.2d 201 (Tex. App.—Houston [1st Dist.] 1995, writ denied) ............14

## Rules

1 Tex. Adm. Code § 357.3(b)(2) ....................................................................3

## Statutes

Tex. Gov't Code § 311.034 .................................................................9, 10, 19

Tex. Gov't Code § 531.0055(b)(4)(G)............................................................17

Tex. Gov't Code § 531.019 .............................................................................19

Tex. Gov't Code § 531.019(g) ........................................................................14

Tex. Gov't Code §§ 2001.171—.178 ..............................................................19

Tex. Gov't Code § 2001.171(2).......................................................................19

Tex. Gov't Code § 2001.174(2)(A)...............................................................7, 9

Tex. Gov't Code § 2001.176(a).......................................................................14

## Other Authorities

Judicial Branch Technology Standards Version 8.0 at 19-20, Office of Court
Administration (February 2024),
https://web.archive.org/web/20240518105720/https://www.txcourts.gov/
media/1435816/technology-standards.pdf ................................................13

*TANF Cash Help*,
   https://www.hhs.texas.gov/services/financial/cash/tanf-cash-help (last
   visited May 9, 2025)..................................................................................1

# STATEMENT OF THE CASE

*Nature of the Case*  Ms. Tanner filed suit seeking judicial review of the Health and Human Services Commission's (HHSC) decision to deny her Temporary Assistance for Needy Families (TANF) benefits. Ms. Tanner alleged violations of constitutional due process and equal protection. Ms. Tanner failed to meet the statutory requirements of Tex. Government Code Sections 531.019(g) and 2001.176(a) for seeking judicial review of HHSC's decision. After a hearing, the trial court granted the Defendants' Plea to the Jurisdiction, with prejudice.

*Trial Court*  The Honorable Judge Laurie Eiserloh, presiding in the 455th Judicial District Court of Travis County, Texas.

*Trial Court's Disposition*  The Court entered a final order granting Defendants' Plea to the Jurisdiction on January 24, 2025.

# STATEMENT REGARDING ORAL ARGUMENT

Appellees do not request oral argument but seek permission to participate in oral argument if granted by the Court.

# ISSUES PRESENTED

**1.** Whether the trial court properly dismissed Ms. Tanner's suit for judicial review due to a lack of subject matter jurisdiction, given that she failed to file her petition within the 30-day statutory deadline under Texas Government Code Sections 531.019(g) and 2001.176(a).

**2.** Whether Ms. Tanner's due process and equal protection claims were sufficient to establish subject matter jurisdiction and standing despite her failure to comply with statutory prerequisites for judicial review.

# INTRODUCTION

This appeal arises from the trial court's dismissal of Ms. Tanner's suit seeking judicial review of the Texas Health and Human Services Commission's (HHSC) final decision denying her application for Temporary Assistance for Needy Families (TANF) benefits. TANF is a state-administered program designed to provide limited cash assistance to low-income families based on statutory eligibility criteria, including income limits, deductions, and standardized budgetary assessments.[1] HHSC determined that Ms. Tanner did not qualify for benefits under HHSC rules and issued a final decision denying her application on February 29, 2024. RR2 000227.

Judicial review of the HHSC's final decision is available if requested within 30 days under Texas Government Code Sections 531.019(g) and 2001.176(a). However, Ms. Tanner filed her Petition for Judicial Review on May 13, 2024, well after the jurisdictional deadline. CR 5-116. HHSC responded by filing its Plea to the Jurisdiction, asserting sovereign immunity. CR 275-289. The trial court granted HHSC's Plea to the Jurisdiction, finding that the suit was untimely and that Ms. Tanner failed to meet the statutory prerequisites to invoke subject matter jurisdiction. RR1 16: 5-25; 17: 1-16.

---

[1] *TANF Cash Help*, https://www.hhs.texas.gov/services/financial/cash/tanf-cash-help (last visited May 9, 2025).

On appeal, Ms. Tanner contends that her constitutional due process and equal protection rights, along with her circumstances of homelessness and financial hardship, excuse her failure to comply with the statutory deadline. App. Br. 13-14. She further alleges that HHSC used incorrect grant calculations, failed to update its rules to reflect current poverty guidelines, and disregarded applicable legal provisions during the administrative process. The relief she seeks includes an order directing HHSC to amend its rules, revise eligibility standards, and extend benefits to qualified applicants. App. Br. 5, 9, 10, 12, 13,14.

Ms. Tanner's claims do not establish subject matter jurisdiction or standing. Texas law requires strict compliance with statutory prerequisites to suit, including jurisdictional deadlines, even when constitutional claims are raised, and courts lack the authority to waive these requirements or to grant the policy-based relief Ms. Tanner seeks. The authority to adopt and revise eligibility rules lies solely in HHSC, not the judiciary. Because Ms. Tanner's petition was untimely filed and her claims are not redressable through judicial review, the trial court properly dismissed her suit with prejudice.

Ms. Tanner also incorrectly asserts that sovereign immunity is waived under 42 U.S.C. Section 1983. App. Br. 14.[2] However, Section 1983 does not provide a

---

[2] 42 U.S.C.§ 1983, a pivotal legislation known as the Civil Rights Act of 1871, provides a cause of action to individuals whose constitutional rights have been violated by someone acting under

general waiver of sovereign immunity for state agencies or state officials sued in their official capacities. Her reliance on that statute is misplaced and does not overcome the jurisdictional bar. In the absence of a clear and unambiguous waiver of immunity by the legislature, HHSC and its officials remain immune from suit.

## STATEMENT OF FACTS

### I. Facts and Procedural Background

Ms. Tanner filed a suit for judicial review of HHSC's decision denying her application for TANF benefits. CR 5-116. In her petition, she alleges violations of constitutional due process, equal protection, and claims that HHSC has mismanaged the TANF program. CR 17,18,19. She also contends that HHSC officials ignored statements of fact that were submitted during the administrative proceedings. CR 21-22, 39.

On July 31, 2023, Ms. Tanner signed an application for TANF benefits, which was received by HHSC on August 18, 2023. RR2 000011-000032. HHSC denied Ms. Tanner's TANF application on October 2, 2023. RR2 000010. An individual has a right to appeal an HHSC adverse action "within 90 days from, the date on the notice of agency action[.]" 1 Tex. Adm. Code § 357.3(b)(2); *see also* RR2 000173. Ms. Tanner timely appealed the denial on November 2, 2023, and requested a Fair

---

the color of state law. However, even though Ms. Tanner asserted this claim, this is not an issue at appeal; this Appeal is strictly addressing subject matter jurisdiction.

Hearing. RR2 000001-000003.

A hearing was conducted over two days, on December 6, 2023, and January 17, 2024, before Fair Hearing Officer Juan Rodriguez. RR2 000228-000288. On January 25, 2024, Fair Hearing Officer Rodriguez signed and issued an Order upholding HHSC's decision to deny Ms. Tanner's TANF application. RR2 000211-00217. The decision found that: (1) Ms. Tanner receives $534.70 in monthly child support; (2) Ms. Tanner was properly given a $75.00 child support disregard deduction; (3) Ms. Tanner's adjusted income was $459.70; and (4) pursuant to the recognizable needs test, $459.70 exceeds the TANF income limit of $188.00 for a one-parent, three-person household. RR2 000216. The decision also informed Ms. Tanner that she could request a procedural or administrative review within 30 days from the date of the Order. RR2 000211-000212.

On February 15, 2024, Ms. Tanner requested a "procedural and administrative review" of the Order issued by Fair Hearing Officer Rodriguez. RR2 000218-00226.

On February 29, 2024, Administrative Law Judge ("ALJ") Julia Murray, after reviewing all the facts and applicable rules and policies, upheld HHSC's final decision. RR2 000227. Ms. Tanner was advised that she could request judicial review in the District Court of Travis County within 30 days from the date of ALJ Murray's decision. Accordingly, she had until March 30, 2024, to file her Petition for Judicial Review.

On May 13, 2024, Ms. Tanner filed her petition with the Travis County District Court. CR 5-116. Her Petition was filed more than 70 days after the February 29, 2024, administrative decision. RR1 13:18-21.

Defendants filed a Plea to the Jurisdiction ("Plea") on December 6, 2024, arguing, among other things, that Ms. Tanner's suit for judicial review was barred as untimely. CR 275-289. Ms. Tanner filed her opposition to the Plea on December 9, 2024. CR 333-365. A hearing on the Plea was held on January 23, 2025, and the Court granted the Plea. RR1 17: 9-16. That same day, Ms. Tanner filed a Motion to Reinstate. CR 382-511.

The next day, on January 24, 2025, the Court entered a final order granting the Plea and dismissing the case with prejudice. CR 512. Ms. Tanner filed a Motion for Reconsideration on January 28, 2025, raising the same arguments as her Motion to Reinstate. CR 520-650. Ms. Tanner asserted for the first time after the Plea hearing that she filed her Petition for Judicial Review on March 29, 2024, but said petition was not accepted by the e-filing system until May 13, 2024. Ms. Tanner claims that the discrepancy between the actual filing date and the file-stamp date by the clerk justifies reopening the case. CR 521. Defendants filed their opposition to Ms. Tanner's Motion for Reconsideration on February 4, 2025. CR 654-664.

Ms. Tanner filed a Notice of Appeal in the trial court on January 29, 2025, and the appeal was docketed on February 3, 2025. CR 651-653. After this Court

granted unopposed motions for extension, each party filed its appellate brief, Ms.

Tanner on April 15, 2025, and Appellees on the date indicated below.

# STANDARD OF REVIEW

A trial court's ruling on a plea to the jurisdiction is reviewed *de novo*. *Tex. Dep't of Transp. v. A.P.I. Pipe & Supply, LLC*, 397 S.W.3d 162, 166 (Tex. 2013). Under de novo review, the appellate court exercises its own judgment to decide the legal issues presented, without deference to the trial court's ruling. *Quick v. City of Austin*, 7 S.W.3d 109, 116 (Tex. 1998). In resolving a plea to the jurisdiction, a court may consider evidence submitted by the parties and must do so when necessary to determine jurisdictional facts. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 555 (Tex. 2000).

# SUMMARY OF THE ARGUMENT

The trial court correctly dismissed Ms. Tanner's suit for lack of subject matter jurisdiction because she failed to comply with the statutory deadline for seeking judicial review. RR1 17: 9-14. Under Texas Government Code Sections 531.019(g) and 2001.176(a), a petition for judicial review must be filed in Travis County within 30 days of the agency's final decision. Ms. Tanner did not meet this jurisdictional requirement, and Texas law mandates strict compliance with statutory prerequisites to suit. Courts lack discretion to waive these

321 deadlines, even where constitutional claims are asserted. *Tex. Comm'n on Env't ;Quality v. Kelsoe*, 286 S.W.3d 91, 97 (Tex. App.—Austin 2009, pet. denied); Tex. Gov't Code § 2001.174(2)(A).

Ms. Tanner's due process and equal protection arguments neither cure the jurisdictional defect nor do they establish standing. These constitutional claims do not override the statutory limitations imposed by the Legislature, nor do they provide an independent basis for jurisdiction where the underlying suit is untimely. Additionally, the relief Ms. Tanner seeks, including changes to agency rules and eligibility determinations, is not redressable by the courts.

Further, Ms. Tanner's claims are barred by sovereign immunity. HHSC is a state agency, and no statute clearly and unambiguously waives its immunity in this context. Ms. Tanner's reliance on 42 U.S.C. Section 1983 is misplaced, as that provision does not create an independent waiver of sovereign immunity or cause of action. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). "[A] suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). "Section 1983 does not abrogate the states' Eleventh Amendment immunity." *Quern v. Jordan*, 440 U.S. 332, 340 (1979); *Aguilar v. Texas Dep't of Crim. Just.*, 160 F.3d 1052, 1054 (5th Cir. 1998) ("The Eleventh Amendment bars claims against a state brought pursuant to 42 U.S.C. § 1983.").

To the extent Ms. Tanner raises constitutional claims, those claims must still be asserted within the statutory framework governing judicial review. Allegations of constitutional violations do not relieve a party of the obligation to comply with jurisdictional filing deadlines. Texas courts have consistently held that a party cannot avoid statutory jurisdictional prerequisites merely by asserting constitutional violations. *See Tex. Comm'n on Env't Quality v. Kelsoe*, 286 S.W.3d 91, 97 (Tex. App.—Austin 2009, pet. denied); Tex. Gov't Code § 2001.174(2)(A); cf. *City of Dall. v. Stewart*, 361 S.W.3d 562, 579–80 (Tex. 2012) (reaffirming that constitutional claims are subject to jurisdictional procedural requirements); *John Gannon, Inc. v. Tex. Dep't of Transp.*, No. 01-22-00762-CV, 2024 WL 1513875, at *5 (Tex. App.—Houston [1st Dist.] Apr. 9, 2024, pet. denied) (mem. op.).

Moreover, the APA provides a limited waiver to sovereign immunity for alleged constitutional violations when the claims are properly brought under that Act. *See Texas Dep't of Transp. v. Sefzik*, 355 S.W.3d 618, 620- 621 (Tex. 2011). Statutory prerequisites to suit, including timely filing, are jurisdictional and must be strictly followed. *See* Tex. Gov't Code § 311.034. As explained by the court in *John Gannon, Inc. v. Tex. Dep't of Transp.,* No. CV H-21-3190, 2025 WL 1179874, at *6 (S.D. Tex. Apr. 23, 2025), the Texas Supreme Court has made clear that "statutory prerequisites to suit (such as timely filing a lawsuit) are jurisdictional when a defendant is a governmental entity." *See also City of Madisonville v. Sims*, 620

S.W.3d 375, 380 (Tex. 2020) (per curiam); *Prairie View A&M Univ. v. Chatha*, 381 S.W.3d 500, 515 (Tex. 2012); Tex. Gov't Code § 311.034.

Likewise, Section 2001.176(a) requires that a petition for judicial review of an administrative decision be filed "not later than the 30th day after the date the decision … is final and appealable." *See also Gonzalez v. Tex. Med. Bd.*, No. 03-22-00205-CV, 2023 WL 7134982, at *6 (Tex. App.—Austin Oct. 31, 2023, pet. filed) (mem. op.) (holding the 30-day filing deadline is a jurisdictional prerequisite for judicial review under Section 2001.171). Failure to satisfy these statutory requirements deprives a trial court of subject matter jurisdiction. Because Ms. Tanner's state court action was not filed within the statutory deadline, it was properly dismissed for lack of jurisdiction, and the trial court's ruling should be affirmed.

# ARGUMENT

## I. The trial court properly dismissed the case for lack of subject matter jurisdiction because Ms. Tanner failed to timely file her Petition for Judicial Review.

Ms. Tanner argues that the trial court erroneously dismissed the case for lack of jurisdiction, claiming that her homelessness and pending eviction prevented her from timely initiating her suit for judicial review. App. Br. 13-14. She asserts that strict enforcement of the statutory deadline under Texas Government Code Sections 531.019(g) and 2001.176(a) improperly denied her access to judicial review, given her lack of resources. App. Br. 13-14.

Ms. Tanner also asserts that she filed her Petition for Judicial Review in a timely manner but was unprepared to present evidence of timely filing at the hearing. App. Br. 13-14. Specifically, she argues that her suit for judicial review was submitted on March 29, 2024, but was not accepted by the e-filing system until May 13, 2024. App. Br. 13.

While Ms. Tanner raises equitable arguments, it is well established that "[i]n suits against governmental entities, a timely filed petition for judicial review is a statutory prerequisite to suit, so that failure to comply deprives the trial court of jurisdiction to review the agency decision." *Perez v. Physician Assistant Bd.,* No. 03-16-00732-CV, 2017 WL 5078003, at *3 (Tex. App. Oct. 31, 2017); *Castillo v. Texas Bd. of Pro. Eng'rs,* No. 03-10-00124-CV, 2010 WL 5129127, at *3 (Tex. App. Dec. 14, 2010). Texas Government Code Section 2001.176 requires that a person initiate judicial review in a contested case by filing a petition not later than the 30th day after the date the decision or order that is the subject of a complaint is final and appealable.

In this case, the letter dated February 29, 2024, from Administrative Law Judge Julia Murray affirming the ruling of Fair Hearings Officer Rodriguez, clearly informed Ms. Tanner that she had 30 days to file an appeal to the District Court of Travis County. RR2 000227.

Ms. Tanner alleges that she did not receive the ruling until March 19, 2024.

CR 15; RR1 13: 5-9, 18-21. Even if the Court were to accept Ms. Tanner's claim that she received the decision on March 19, 2024, her May 13, 2024, filing remains untimely, having been filed 50 days after she purportedly received the decision. RR1 7:16-18; CR-5-116; CR 15; RR1 13: 5-9, 18-21.

## II. Ms. Tanner's Alleged Filing Errors Do Not Toll the Statutory Deadlines.

Ms. Tanner argues that her petition was filed on March 29, 2024, but was not officially accepted until May 13, 2024, and she claims that the discrepancy between the actual filing date and the file-stamp date justifies reopening the case. CR 520-521. Ms. Tanner's argument fails because there is no newly discovered evidence, or legal basis, that warrants extending the statutory deadline.

Ms. Tanner argues her Petition for Judicial Review was filed on March 29, 2024, and assigned Envelope Number 86119447. CR 524. However, the filing was rejected by the clerk on April 2, 2024, with instructions and a phone number that Ms. Tanner could call if she had questions. CR 526.

The Texas Judicial Branch established its Technology Standards Version 9, which explains that when a clerk returns a filing for correction, the filer has 72 hours to resubmit the corrected document to maintain the original file-stamp date. If a corrected document is resubmitted after the 72-hour period, it will receive a new filing date corresponding to the resubmission. *See* Judicial Branch Technology

Standards Version 8.0 at 19-20, Office of Court Administration (February 2024),

https://web.archive.org/web/20240518105720/https://www.txcourts.gov/media/143

5816/technology-standards.pdf.

The Texas Court of Appeals has also addressed the timing of electronic filings, holding that a document is considered filed at the time of electronic transmission, provided the filer complies with the clerk's instructions for correction within the deadline. *Nevarez L. Firm, P.C. v. Inv. Land Servs., L.L.C.*, 610 S.W.3d 567, 570–71 (Tex. App. (El Paso—2020), *opinion after reinstatement of appeal sub nom. Nevarez L. Firm, PC v. Inv. Land Servs., LLC*, 645 S.W.3d 870 (Tex. App. El Paso—2022, no pet.).

Ms. Tanner failed to correct and resubmit the filing within the 72-hour time period. Because Ms. Tanner did not correct her initial filing in time, her later submission is treated as a new filing, not a continuation of the original filing.

Ms. Tanner did not correct her filing until May 13, 2024, when she refiled the petition. CR 528. The 41-day lapse between the return of the first filing and the second filing resulted in the first filing being stricken. The second filing was accepted and was the operative pleading. CR 526, 533.

Ms. Tanner's failure to meet the filing deadline was due to a lack of diligence, not external factors or procedural irregularities. The burden is on the party bringing suit to ensure the suit is filed properly. Here, Ms. Tanner filed her petition on May

13, 2024, which was after the deadline to file a suit for judicial review. *See* CR 535; RR2 000227; Tex. Gov't Code §§ 531.019(g), 2001.176(a). Ms. Tanner has failed to establish that her failure to file properly and her 41-day delay in resubmitting a correct filing are justified or warrant a reopening of the case. Texas courts have long held that ignorance or unawareness of a statutory requirement does not excuse a party from missing a deadline. *See Nguyen v. Kim*, 3 S.W.3d 146, 154 (Tex. App.—Houston [14th Dist.] 1999, no pet.) (holding that ignorance of a statutory deadline does not excuse untimely compliance); *Allstate Insurance Co. v. King*, 444 S.W.2d 602, 605 (Tex. 1969) (holding that lack of knowledge of the six month's filing requirement in worker's compensation cases did not excuse the failure to file on time); *West Columbia Nat'l Bank v. Griffith*, 902 S.W.2d 201, 207–08 (Tex. App.—Houston [1st Dist.] 1995, writ denied) (holding that a misinterpretation of the law does not justify failure to answer a lawsuit); *Furr v. Furr*, 721 S.W.2d 565, 566 (Tex. App.—Amarillo 1986, no writ) (holding that a pro se litigant's unfamiliarity with appellate procedure does not constitute a "reasonable explanation" for missing a deadline).

Furthermore, Ms. Tanner admits that, apart from filing untimely, she was unprepared to present evidence at the hearing. CR 520-521. This is not a valid basis to overturn a dismissal. The rules of procedure exist to ensure fairness and efficiency, and ignorance of deadlines or procedural requirements does not excuse

noncompliance.

## III. Ms. Tanner's constitutional claims do not confer jurisdiction or standing absent statutory compliance.

The trial court correctly dismissed Ms. Tanner's suit for lack of subject matter jurisdiction without reaching the merits of her claims. RR1 15: 17-25; 16: 1-25; 17: 1-14. Although Ms. Tanner frames her allegations in constitutional terms, her claims are barred as a matter of law because she failed to comply with statutory prerequisites for judicial review under the APA, and the relief she seeks is not redressable by the courts. Ms. Tanner argues that she has standing to assert her constitutional claims because she was wrongfully denied TANF benefits due to Defendant Appellees' alleged negligence. RR1 15: 1-15. Specifically, Ms. Tanner contends: 1) HHSC applied incorrect grant computations for TANF eligibility; 2) HHSC failed to update the maximum grant amounts for the TANF program in accordance with the annual Federal Poverty Level (FPL) guidelines resulting in outdated benefits calculations; 3) HHSC did not update the Texas Administrative Code provisions governing budgetary needs and recognizable amounts for TANF; 4) HHSC failed to apply 42 U.S.C. Section 1382(a), thereby violating Plaintiff's constitutional rights during the Fair Hearing process; 5) HHSC violated Ms. Tanner's constitutional rights to due process and equal protection; and 6) Fair Hearings Officer Juan Rodriguez, Fair Hearings Director Wendy Proctor, and

Administrative Law Judge Julia Murray, ignored factual statements provided by Plaintiff and disregarded 1 Texas Administrative Code Chapter 372, 42 U.S.C. Section 1382(A) and 45 C.F.R. Section 205.10. CR 13-21.

These allegations do not provide a basis for subject matter jurisdiction in an untimely filed petition for judicial review. Courts do not have the authority to hear untimely claims, and Texas law strictly requires compliance with jurisdictional deadlines. Under Texas Government Code Sections 531.019(g) and 2001.176(a), a petition for judicial review must be filed within 30 days of the agency's final decision. Ms. Tanner did not meet this deadline.

Moreover, even if the petition had been timely filed, the relief Ms. Tanner seeks is not available through judicial review. In Texas, the standing doctrine requires a concrete injury to the plaintiff and a real controversy between the parties that will be resolved by the court. *Meyers v. JDC/Firethorne, Ltd.*, 548 S.W.3d 477, 484 (Tex. 2018). Ms. Tanner seeks remedies such as: (1) updating the Texas Administrative Code to reflect the correct annual Federal Poverty Guidelines, (2) modifying the Budgetary Needs and Recognizable Needs tables; (3) applying 42 U.S.C. Section 1382a when determining eligibility for TANF-Cash Help applicants; (4) ensuring all eligible applicants receive all benefits they are entitled to and eligible for; and (5) ordering equal and fair treatment by HHSC and the U.S. Department of Health and Human Services. However, none of these remedies are available in suit

for judicial review, which is limited to reversing or upholding agency decisions and orders. *Dyer v. Texas Comm'n on Env't Quality*, 646 S.W.3d 498, 514 (Tex. 2022).

Ms. Tanner seeks judicial review challenging HHSC's rules for TANF eligibility. However, the rulemaking power is exclusively delegated to administrative agencies under Texas Government Code Sections 2001.021–.041. The Texas Legislature assigned HHSC, not the courts, the responsibility for establishing eligibility criteria for TANF. *See* Tex. Gov't Code § 531.0055(b)(4)(G), (e). The Texas Supreme Court has consistently held that courts may not override agency discretion or impose regulatory changes. *In re Sw. Bell Tel. Co.*, L.P., 226 S.W.3d 400 (Tex. 2007); *CenterPoint Energy Entex v. R.R. Comm'n of Tex.*, 208 S.W.3d 608 (Tex. App.—Austin 2006, pet. dism'd); *Hammack v. Pub. Util. Comm'n of Tex.*, 131 S.W.3d 713, 723 (Tex. App.—Austin 2004, pet. denied); *Tex. Ass'n of Long Distance Tel. Companies* (*TEXALTEL*) *v. Pub. Util. Comm'n of Tex.*, 798 S.W.2d 875 (Tex. App.—Austin 1990, writ denied).

Further, Ms. Tanner's due process allegations are unsupported by the record. HHSC adhered to all constitutional due process requirements by providing Ms. Tanner with adequate notice, the opportunity to present evidence, a fair hearing before an impartial fair hearings officer, and a comprehensive review of the submitted evidence. The record reflects that on October 2, 2023, Ms. Tanner was informed of the denial of her TANF application. RR2 000010. Dissatisfied with this

decision, Ms. Tanner exercised her right to appeal and filed a request for review before a hearing officer on November 2, 2023. RR2 000001-000003.

HHSC promptly mailed notice of the scheduled hearing on November 6, 2023. RR2 000073-00090. The hearing was conducted on December 6, 2023, and January 17, 2024. RR2 000228-000288. The hearing record remained open to permit Ms. Tanner additional opportunity to submit additional evidence, if necessary, for the hearing officer's consideration. RR2 000254-00256. This detailed procedural approach underscores that HHSC fulfilled its due process obligations under state and federal law. Ms. Tanner's allegations that the agency violated her constitutional rights to due process, ignored her evidence, and failed to comply with statutory obligations under 1 Texas Administrative Code Chapter 372, 42 U.S.C. Section 1382, and 45 C.F.R. Section 205.10 are without merit.

Chapter 372 of the Texas Administrative Code, Title 1 outlines the procedures and requirements for determining TANF eligibility, including income assessments and permissible deductions. Ms. Tanner's reliance on 42 U.S.C. Section 1382, which pertains to Supplemental Security Income (SSI) benefits and not TANF, is misplaced and constitutes a misunderstanding of the applicable laws.

Because Ms. Tanner's claims were filed untimely, raised non-justiciable issues, and sought relief only the agency can provide, the trial court correctly declined to reach the merits and dismissed her Petition for Judicial Review due to

lack of subject matter jurisdiction. Therefore, the court correctly dismissed with prejudice and without the opportunity to replead because the defects in Ms. Tanner's petition cannot be cured. She filed her suit late, and all the claims she raised were subject to the 30-day statutory filing deadline. *See* Tex. Gov't Code § 2001.171(2).

## IV. Ms. Tanner's claims are barred by sovereign immunity.

Ms. Tanner's claims are barred by the doctrines of sovereign immunity because she failed to follow the jurisdictional statutory prerequisites of the APA and of Texas Government Code Section 531.019. In light of her failure to establish jurisdiction under those two statutes, Ms. Tanner has not identified any other statute or legal basis to find waiver of HHSC's sovereign immunity.

Sovereign immunity shields the state and its agencies from lawsuits unless the Legislature has clearly and unambiguously waived that immunity. *PHI, Inc. v. Tex. Juvenile Justice Dept.*, 593 S.W.3d 296, 303 (Tex. 2019). No general waiver of sovereign immunity exists here. Subchapter G of the Administrative Procedure Act (APA) and Texas Government Code Section 531.019 provide a limited waiver of sovereign immunity, limited to suits filed in compliance with the requirements of those statutes, and those statutes specify the limited remedies available. Tex. Gov't Code §§ 531.019, 2001.171—.178. By failing to comply with those statutory prerequisites, Ms. Tanner's claims are barred by sovereign immunity. Tex. Gov't Code § 311.034. ([A] statute shall not be construed as a waiver of sovereign

immunity unless the waiver is effected by clear and unambiguous language….Statutory prerequisites to a suit...are jurisdictional requirements in all suits against a governmental entity.).

Finally, sovereign immunity continues to protect state agencies engaged in core administrative functions, including benefit eligibility determinations and hearings. *Nazari v. State*, 561 S.W.3d 495 (Tex. 2018); *Eastland Cnty. Co-op. Dispatch v. Poyner*, 64 S.W.3d 182 (Tex. App.—Eastland 2001, pet. denied).

Because Ms. Tanner failed to timely file her claim, she cannot establish a waiver of sovereign immunity and cannot overcome the legal protections accorded to HHSC and its officials. Dismissal was not only proper—it was required.

## CONCLUSION & PRAYER

Ms. Tanner failed to comply with the statutory prerequisites for seeking judicial review of the Texas Health and Human Services Commission's final decision, including the mandatory 30-day filing deadline under Texas Government Code Sections 531.019(g) and 2001.176(a). The trial court correctly dismissed the case for lack of subject matter jurisdiction. Moreover, Ms. Tanner's constitutional claims do not confer jurisdiction or standing; the relief she seeks is not redressable by the courts; and her claims are barred by sovereign immunity.

WHEREFORE, PREMISES CONSIDERED, the Texas Health and Human Services Commission, Fair Hearings Officer Juan Rodriguez, ALJ Julia Murray, and

Fair Hearings Director Wendy Proctor respectfully request that this Court affirm the trial court's order dismissing Ms. Tanner's claims with prejudice, and grant Appellees such other and further relief to which they may be justly entitled.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

AUSTIN KINGHORN
Deputy Attorney General for Civil Litigation

ERNEST C. GARCIA
Chief, Administrative Law Division

*/s/ Griselle Ortiz Astacio*
GRISELLE ORTIZ ASTACIO
Texas State Bar No. 24103222
LAUREN MCGEE
State Bar No. 24128835
Assistant Attorneys General
OFFICE OF THE ATTORNEY GENERAL OF TEXAS
ADMINISTRATIVE LAW DIVISION
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Telephone: (512) 475-4200
Griselle.OrtizAstacio@oag.texas.gov
Lauren.McGee@oag.texas.gov

ATTORNEYS FOR APPELLEES TEXAS HEALTH
AND HUMAN SERVICES COMMISSION, JULIA
MURRAY, WENDY PROCTOR, AND JUAN
RODRIGUEZ

# CERTIFICATE OF COMPLIANCE

I certify that the submitted brief complies with Rule 9 of the Texas Rules of Appellate Procedure and the word count of this document is 4,416. The word processing software used to prepare this filing and calculate the word count of the document is Microsoft Word for Office 365.

Date: May 29, 2025

*/s/ Griselle Ortiz Astacio*
GRISELLE ORTIZ ASTACIO
Assistant Attorney General

# CERTIFICATE OF SERVICE

I hereby certify that on May 29, 2025, a true and correct copy of the above and forgoing document has been served to the following party of record via electronic service and/or electronic mail:

Linda D. Tanner
2320 Poplar Street, Unit 203
Fort Worth, TX 76102
(915) 270-8227
Lulu3822@gmail.com

**Appellant Pro Se**

*/s/ Griselle Ortiz Astacio*
GRISELLE ORTIZ ASTACIO
Assistant Attorney General

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Christian Young on behalf of Griselle Ortiz Astacio
Bar No. 24103222
christian.young@oag.texas.gov
Envelope ID: 101411902
Filing Code Description: Brief Not Requesting Oral Argument
Filing Description: Brief of Appellees
Status as of 5/30/2025 8:54 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Christian Young | | christian.young@oag.texas.gov | 5/29/2025 7:18:27 PM | SENT |
| SUSAN MILSAPPS | | susan.millsapps@oag.texas.gov | 5/29/2025 7:18:27 PM | SENT |

Associated Case Party: LindaDTanner

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| LINDA DTANNER | | lulu143134143@gmail.com | 5/29/2025 7:18:27 PM | SENT |
| Linda Tanner | | Lulu3822@gmail.com | 5/29/2025 7:18:27 PM | SENT |

Associated Case Party: TEXAS HEALTH AND HUMAN SERVICES COMMISSION

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| GRISELLE ORTIZASTACIO | | Griselle.OrtizAstacio@oag.texas.gov | 5/29/2025 7:18:27 PM | SENT |
| ATTN: LEGAL DEPARTMENT | | legaldepartment@hhsc.gov | 5/29/2025 7:18:27 PM | SENT |

Associated Case Party: JUAN RODRIGUEZ

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| GRISELLE ORTIZASTACIO | | Griselle.OrtizAstacio@oag.texas.gov | 5/29/2025 7:18:27 PM | SENT |
| LAUREN MCGEE | | Lauren.Mcgee@oag.texas.gov | 5/29/2025 7:18:27 PM | SENT |

Associated Case Party: WENDY PROCTOR

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|

**Automated Certificate of eService**
This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Christian Young on behalf of Griselle Ortiz Astacio
Bar No. 24103222
christian.young@oag.texas.gov
Envelope ID: 101411902
Filing Code Description: Brief Not Requesting Oral Argument
Filing Description: Brief of Appellees
Status as of 5/30/2025 8:54 AM CST

Associated Case Party: WENDY PROCTOR

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| GRISELLE ORTIZASTACIO | | Griselle.OrtizAstacio@oag.texas.gov | 5/29/2025 7:18:27 PM | SENT |
| LAUREN MCGEE | | Lauren.Mcgee@oag.texas.gov | 5/29/2025 7:18:27 PM | SENT |

Associated Case Party: JULIA MURRAY

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| GRISELLE ORTIZASTACIO | | Griselle.OrtizAstacio@oag.texas.gov | 5/29/2025 7:18:27 PM | SENT |
| LAUREN MCGEE | | Lauren.Mcgee@oag.texas.gov | 5/29/2025 7:18:27 PM | SENT |